IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEITH SANDERS
# B26621,

Petitioner,

vs.

Case No. 18-cv-513-DRH

JACKIE LASHBROOK,

Respondent.

# MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Keith Sanders, who is currently incarcerated at Menard Correctional Center, brings this federal habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner was convicted in Illinois state court of 2 counts of First Degree Murder on September 27, 1994. (Doc. 1, p. 1). Petitioner was a juvenile at the time of the crime. (Doc. 1, p. 6). He was originally sentenced to a mandatory life sentence. (Doc. 1, p. 1). Petitioner appealed his original sentence to the Illinois Appellate Courts, but not to the state Supreme Court; his conviction was affirmed in June of 1996. (Doc. 1, p. 2). Petitioner also filed a petition for post-conviction relief that was denied in 1998. (Doc. 1, p. 4). Following the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), Petitioner filed a subsequent petition for post-conviction relief in state court in 2015, arguing that his mandatory life sentence was unconstitutional. (Doc. 1, p. 8). He was re-sentenced to another life sentence on September 13,

2017. *Id.* Petitioner alleges that the life sentence remains unconstitutional. (Doc. 1, p. 6). He has filed a motion to reconsider his resentencing in the state court, but it remains pending, and several of Petitioner's hearing dates have been continued. *Id.*

## Habeas Petition

Petitioner contends that his motion to reconsider, filed on November 15, 2017, should have already been decided. (Doc. 1, pp. 5-6). Petitioner contends that he filed his state-court action 3 years ago and that he has been waiting 5 months for a ruling on his Motion to Reconsider. (Doc. 1, p. 8). Petitioner also generally argues (and presumably raises in the state-court motion to reconsider) that the discretionary life sentence he received on September 13, 2017 was improper and unconstitutional pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718 (U.S. 2016). (Doc. 1, p. 6).

Petitioner concedes that he has not exhausted his state court remedies, but asks this Court to "take the case from St. Clair County" due to the inordinate delay of the state court proceedings, and sentence Petitioner to time served. (Doc. 1, p. 18). Petitioner also appears to be alleging that he is actually innocent of the crime, although he submits no facts in support of that contention. *Id.*

## I. Discussion

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court

2

judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Dismissal of the petition is appropriate under this standard.

Title 28 U.S.C. § 2254(a) grants federal courts jurisdiction to entertain an application for a writ of habeas corpus on behalf of a person who is in custody pursuant to a judgment of a state court on the ground that the person is in custody in violation of the Constitution or laws or treaties of the United States. Before a state prisoner's claims may be addressed in federal court, however, the law requires him to exhaust his state court remedies or show cause and prejudice for his failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). In order to exhaust his remedies, a state prisoner must fairly present his claims in each appropriate state court including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). State prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A prisoner need not pursue all separate state remedies that are available to him, but he must give the state courts "one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509; *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) ("Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits, or, when

the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed."). If a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," a petitioner will not be deemed to have exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(c).

Petitioner is currently in the process of exhausting his state court remedies. Should his motion for reconsideration be denied, Petitioner may appeal the decision to the Illinois Appellate Courts, and up to the Illinois State Supreme Court. Petitioner has not alleged that this avenue is unavailable to him.

That said, the Seventh Circuit has suggested that unjustifiable delays in a direct criminal appeal may excuse a state petitioner from the exhaustion requirement and even give rise to an independent due process claim under the Fourteenth Amendment. *Allen v. Duckworth*, 6 F.3d 458 (7th Cir. 1993) (assuming, without deciding, that excessive delay in state criminal appeal may amount to a denial of due process). Petitioner has not raised a Fourteenth Amendment due process claim in his § 2254 petition. He also appears to consider the entire length of time that his state case has been pending—more than 3 years—to constitute inordinate delay. But the facts he submitted do not suggest delay. On the contrary, it appears that Petitioner's original motion for resentencing was granted, arguments related to resentencing were heard, and then the court actually resentenced Petitioner; Petitioner just did not like the ultimate result. The Court does not consider the 5-month delay in ruling on the

motion to reconsider excessive, and there is a pending hearing scheduled in the matter for May 15, 2018. *Harris v. Champion*, 938 F.2d 1062 (10th Cir. 1991) (4-year delay in briefing appeal excused state habeas petitioner from exhausting his state remedies). Further, Petitioner offers no reason why the delays are unjustifiable or attributable solely to the state, and he appears to be represented by counsel in that action.

For the foregoing reasons, the Court finds that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies. The § 2254 petition is therefore dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

## II. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** without prejudice to any other habeas petition or civil rights action that petitioner wishes to file.

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* This petition has been dismissed without prejudice because petitioner failed to exhaust his state court remedies prior to filing his

§ 2254 petition. Except in special circumstances, such a dismissal without prejudice is not a final appealable order, so a certificate of appeal ability is not required. *See Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004).

Further, pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

Here, no reasonable jurist would find it debatable whether this Court's ruling on the failure to exhaust state judicial remedies was correct. Accordingly, a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

Judge Herndon
2018.04.12
08:34:06 -05'00'

UNITED STATES DISTRICT JUDGE